THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR20-0136-JCC |
| Plaintiff, | ORDER |
| v. | |
| LAURA RODRIGUEZ-MORENO, *et al.*, | |
| Defendants. | |

This matter comes before the Court on Defendant Samantha Hernandez's motion to appoint Russell Aoki as coordinating discovery counsel (Dkt. No. 99). Discovery in this matter is anticipated to include thousands of pages of documents and thousands of photos, surveillance videos, and wiretap interceptions, along with pen register data. (*Id.* at 2.) Mr. Aoki has been appointed as a Coordinating Discovery Attorney in over 100 federal cases, including in a related case, *United States v. Gonzalo Villasenor*, CR20-0137-JCC. (*Id.* at 2–3.) Mr. Aoki has experience strategizing how best to organize discovery while maintaining evidentiary integrity. (*Id.* at 3.) Having thoroughly considered the motion and the relevant record, the Court GRANTS the motion.

It is hereby ORDERED that Russell M. Aoki of Aoki Law, PLLC is appointed as Coordinating Discovery Attorney for Court-appointed Defense Counsel.

The Coordinating Discovery Attorney shall oversee any discovery issues common to all defendants. His responsibilities will include:

- Managing and, unless otherwise agreed upon with the Government, distributing discovery produced by the Government and relevant third-party information common to all defendants;

- Assessing the amount and type of case data to determine what technology should be evaluated and used so duplicative costs are avoided and the most efficient and cost-effective methods are identified;

- Acting as a liaison between the parties to ensure the timely and effective exchange of discovery;

- Identifying, evaluating, and engaging third-party vendors and other litigation support services;

- Assessing the needs of individual parties and further identifying any additional vendor support that may be required—including copying, scanning, forensic imaging, data processing, data hosting, trial presentation, and other technology depending on the nature of the case;

- Identifying any additional human resources that may be needed by the individual parties for the organization and substantive review of information; and

- Providing training and support services to the defense teams as a group and individually.

When executing these responsibilities, the Coordinating Discovery Attorney shall assess the most effective and cost-efficient manner to organize the discovery with input from defense counsel.

The Coordinating Discovery Attorney's duties do not include providing representation services, and therefore the Coordinating Discovery Attorney will not be establishing an attorney-client relationship with any of the defendants. Discovery intended for counsel of a specific defendant and not to be shared among all defense counsel shall be produced by the Government directly to counsel for that defendant. For discovery common to all defendants, discovery issues

specific to any defendant shall be addressed by defense counsel directly with the Government and not through the Coordinating Discovery Attorney.

The Government shall provide a copy of all common discovery already produced by the Government prior to this Order to the Coordinating Discovery Attorney within 14 days. Any additional discovery not already produced shall be provided directly to the Coordinating Discovery Attorney, who shall duplicate and distribute the discovery to all defense counsel, unless the Government elects to produce discovery directly to defense counsel with a simultaneous copy to the Coordinating Discovery Attorney. The Government shall work with the Coordinating Discovery Attorney to provide discovery in a timely manner.

The Coordinating Discovery Attorney shall petition the Court, *ex parte*, for funds for outside services and shall monitor all vendor invoices for these services including confirming the work previously agreed to be performed. The Coordinating Discovery Attorney's time and the time spent by his staff will be paid by the Administrative Office of the U.S. Courts, Defender Services Office. All petitions for outside services shall include a basis for the requested funds and a determination that the costs of the services are reasonable.

The Coordinating Discovery Attorney shall also provide the Court with monthly *ex parte* status reports depicting the status of work and whether that work remains within the budget of any funds authorized by the Court, with the copy provided to defense counsel.

DATED this 15th day of October 2020.

*/s/ John C. Coughenour*

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
CR20-0136-JCC
PAGE - 3